UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:26-cv-2019-JGB-DSR                    Date: May 1, 2026

Title       Jose Carlitos Roman Campos v. Donald J. Trump, et al.

Present:  The Honorable:   Daniel S. Roberts, United States Magistrate Judge

|  L. Krivitsky  |  n/a  |
| :---: | :---: |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff(s)/Petitioner(s): | Attorneys Present for Defendant(s)/Respondent(s): |
| None present | None present |

**Proceedings:**            (IN CHAMBERS) **ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

        Before the Court for screening under 28 U.S.C. § 1915 is the operative Complaint for civil rights violations filed by Plaintiff Jose Campos.  On April 21, 2026, Plaintiff Jose Campos, proceeding pro se, filed a complaint ("Complaint") pursuant to 42 U.S.C. § 1983.  See Compl. (Doc. No. 1).  The Complaint names as Defendants Donald J. Trump and Gary E. Stevenson, both as "owner of the Trump Organization," Riverside County Sheriff Chad Bianco, Blackrock CEO Larry Fink, and Warren Buffet as "Owner of Berkshire Hathaway, Inc. (HomeServices Insurance Agen[.]" (collectively "Defendants").  See Compl. at pp. 2-3.  The Complaint attempts to state claims under 42 U.S.C. § 1983 alleging violations of his rights under the First, Second, Fourth, Fifth, Sixth, Eighth, Ninth, Tenth, Fourteenth, and Fifteenth Amendments to the United States Constitution, as well as the Civil Rights Act of 1964, the Religious Freedom Restoration Act (RFRA), and the Electronic Communications Privacy Act of 1986.  See Compl. at pp. 3-4.

        Plaintiff's request to proceed in forma pauperis ("IFP Request") (Doc. No. 2) was granted on April 30, 2026.  Doc. No. 6.  It therefore is necessary to screen Plaintiff's Complaint under 28 U.S.C. § 1915.  For the reasons set forth below, the Complaint is **DISMISSED,** but with leave to amend.  If Plaintiff chooses to file a First Amended Complaint, he must do so no later than 21 days from the date of this Order.

1.       **THE SCREENING REQUIREMENT**

        District courts are required to screen civil complaints filed by individuals proceeding in forma pauperis and those filed by prisoners seeking redress from a government entity or employee.  28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a).  The Court must dismiss such a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-2019-JGB-DSR                    Date: May 1, 2026

Title        Jose Carlitos Roman Campos v. Donald J. Trump, et al.

complaint, or a portion thereof, before service of process if the complaint: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b)(1)-(2); see also Lopez v. Smith, 203 F.3d 1122, 1126-27 & n.7 (9th Cir. 2000) (en banc).

To determine whether a complaint fails to state a claim for screening purposes, the Court applies the same pleading standard from Federal Rule of Civil Procedure 8 as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). That is, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). The task is context-specific and "requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. The Court must construe all factual allegations set forth in the complaint as true and in the light most favorable to the plaintiff. Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001).

When the Court reviews a complaint for sufficiency, it considers whether the plaintiff has "plead[ed] factual matter that, if taken as true, states a claim the [defendants] deprived him of his clearly established constitutional rights[.]" See Iqbal, 556 U.S. at 666. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of further factual enhancement.'" Id. at 678 (alterations in original) (citations omitted).

2.      **SUMMARY OF ALLEGATIONS**

Plaintiff alleges the following facts, which are taken as true for purposes of this Order:

The Complaint centers around a scam email that Plaintiff received in 2021 from Eric Mendoza Cullen, who is not a Defendant in this case. See Compl. at p. 4. The email was about a grant that would help Plaintiff pay various personal and educational bills and requested that he submit personal information, specifically Plaintiff's full name. Id. After Plaintiff "fell for this scam," his personal information and identification data was distributed amongst many business companies. Id.

Soon after he fell for non-defendant Cullen's scam, Plaintiff "started experiencing negative situations and energy that has affected [his] emotion[al] health and physical health." Id. at p. 4, Part III.C. Plaintiff realized that this "was a direct intentional targeted attack made to [him] by Eric Mandoza Cullen, the Riverside Sheriff's Department, Donald Trump, The Trump Organization, and Gary E. Stevenson." Id. Plaintiff also experienced unspecified harassment

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:26-cv-2019-JGB-DSR                                    Date: May 1, 2026

Title        Jose Carlitos Roman Campos v. Donald J. Trump, et al.

from Chad Bianco at the Riverside Sheriff's Department beginning in May 2021, Elder Gary E. Stevenson using his position as an official with the Church of Jesus Christ of Latter-Day Saints to violate Plaintiff's privacy in October 2021, and Citibank "identity wire fraud" in March 2022. Id. at Part III.B.  Today, Plaintiff realizes that his "personal information data and other personal information has been shared with many business companies that are linked together . . . ." Id. at Part III.C.  Nowhere does Plaintiff specify what any of the named Defendants did to him, however.

**3.        PLAINTIFF'S CLAIMS**

As noted above, Plaintiff attempts to state a claim under 42 U.S.C. § 1983 for deprivation of various constitutional and statutory rights.  To state a claim for relief under § 1983, a complaint must (1) allege "that some person deprived him of a federal right," and (2) "allege that the person who has deprived him of that right acted under color of state or territorial law." Gomez v. Toledo, 446 U.S. 635, 640 (1980).

Liability under § 1983 arises against a person only upon a showing of personal participation by that defendant in the alleged deprivation.  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (citation omitted).  A person deprives another of a constitutional right "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'"  Preschooler II v. Clark Cnty. Sch. Bd. Of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).  "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743).  Allegations regarding § 1983 causation "must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).

Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Here, the Complaint fails to specify which Defendant took what specific action against him.  In fact, the only specific alleged act by any specific person is the email sent to Plaintiff by a non-defendant, Mr. Cullen.

"As a general rule, when a pleading fails 'to allege what role each Defendant played in the alleged harm,' this 'makes it exceedingly difficult, if not impossible, for individual Defendants to respond to Plaintiffs' allegations.'"  Adobe Sys. v. Blue Source Grp. Inc., 125 F. Supp. 3d 945, 964 (N.D. Cal. 2015) (quoting In re iPhone Application Litig., No. 11-MD-02250-LHK, 2011

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:26-cv-2019-JGB-DSR                                    Date: May 1, 2026

Title        Jose Carlitos Roman Campos v. Donald J. Trump, et al.

WL 4403963 at *8, 2011 U.S. Dist. LEXIS 106865 at *8 (N.D. Cal. Sept. 20, 2011)). "Accordingly, a complaint which 'lump[s] together ... multiple defendants in one broad allegation fails to satisfy [the] notice requirement of Rule 8(a)(2).'"  Id.  (alterations in original) (quoting Gen-Probe, Inc. v. Amoco Corp., 926 F. Supp. 948, 961 (S.D. Cal. 1996)); see also Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992) (Vague and conclusory allegations of official participation in civil rights violations are not sufficient to state a claim under Section 1983) (citing Ivey v. Board of Regents of University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982)).

Thus, Plaintiff's Complaint in this case fails to state a claim upon which relief may be granted, and must be dismissed upon screening under 28 U.S.C. § 1915.  To state a viable Section 1983 claim Plaintiff must, at a minimum, allege facts which demonstrate specific acts each defendant did and how each such individual's alleged misconduct specifically violated Plaintiff's constitutional rights.

Because it is not impossible that Plaintiff could state a viable claim by pleading additional facts as to what each named Defendant did to violate Plaintiff's rights under the claimed constitutional and statutory provisions, however, he should be given the opportunity to do so in an amended complaint.  Thus, dismissal with leave to amend is appropriate.

**4.        CONCLUSION**

In sum, Plaintiff's existing Complaint fails to state a claim for which relief may be granted and is **DISMISSED WITH LEAVE TO AMEND**.

If Plaintiff wishes to continue pursuing this action, he may do one of two things within **21 days of the date of this Order**: (1) file a First Amended Complaint to address the deficiencies identified above; or (2) notify the Court that he does not want to file a First Amended Complaint and elects to stand on his current, original Complaint.  If Plaintiff chooses the first option and files a First Amended Complaint, he must file a First Amended Complaint, which:

- must bear the case number assigned in this case;

- must be labeled "First Amended Complaint;"

- must be complete in and of itself—meaning it does not require the court to reference the original Complaint or any other pleading; and

- Must be signed and dated.

The Court will then screen that First Amended Complaint pursuant to § 1915.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:26-cv-2019-JGB-DSR                     Date: May 1, 2026

Title       Jose Carlitos Roman Campos v. Donald J. Trump, et al.

        If Plaintiff chooses the second option and notifies the Court that he does not want to file a First Amended Complaint and instead elects to stand on his original Complaint, the Court will then issue a Report and Recommendation to the assigned District Judge recommending dismissal of the Complaint.  Plaintiff will have the opportunity at that point to file objections to that Report and Recommendation and argue why his original Complaint should not be dismissed.

        Alternatively, if Plaintiff no longer wishes to pursue this action, he may request a voluntary dismissal of the action pursuant to Federal Rule of Civil Procedure 41(a).

        Plaintiff is warned that if he does not take any action within 21 days of the date of this Order (or seek an extension of that deadline, if he has a good reason to do so), **the Court will assume that Plaintiff has chosen not to amend and instead stand on his original Complaint, and will recommend to the assigned District Judge that the action be dismissed without further leave to amend as noted above.**

        **IT IS SO ORDERED.**

        cc: Jose Campos, pro se

                                                                                    :
                                        **Initials of Preparer**              LK